[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10259
Non-Argument Calendar
_____

D.C. Docket No. 6:17-cv-00049-JRH-RSB


CAROL WINSTEAD,

Plaintiff - Appellant,

versus

WARDEN STANLEY WILLIAMS,
UNIT MANAGER JACKSON,
WARDEN MARTY ALLEN,

Defendants - Appellees.


_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(September 20, 2018)

Before WILSON, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Carol Winstead, a Georgia state prisoner represented by counsel, appeals the dismissal of his 42 U.S.C. § 1983 civil-rights lawsuit alleging that Warden Stanley Williams, Unit Manager Jackson, and Warden Marty Allen were deliberately indifferent to a substantial risk of serious harm posed to him by a violent cellmate.[1] The district court dismissed the complaint for failure to state a claim, Fed. R. Civ. P. 12(b)(6), concluding that Winstead failed to allege specific facts showing that the defendants knew about the risk to Winstead.  After careful review, we affirm.

## I.

Winstead alleges that on June 8, 2016, while incarnated at Georgia State Prison, he was physically and sexually assaulted by his cellmate.  Due to the assault, he suffered a one-inch gash on his chin, permanent scarring on his lip where he was punched repeatedly, bruises all over his back, and scratches on his hip and buttocks.

Winstead claims that he made the defendants aware of the threat posed by his "sexually violent and threatening" cellmate five weeks earlier when he submitted a grievance asking to be moved to a different cell.  In the grievance, submitted on April 27 and denied one day later by Defendant Jackson, Winstead wrote,

---

[1] Winstead's complaint also asserted a retaliatory-transfer claim, but on appeal, Winstead has not addressed the district court's dismissal of that claim.  Accordingly, we deem that claim abandoned.  *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014) (issues not raised on appeal are abandoned).

I need to be moved to a one man cell please. . . . I am always having problems with my roommate . . . and I have problems with a lot of people in the dorm period. . . . Please move me A.S.A.P. before I get in trouble. . . . I keep getting roommates that I have a lot of trouble with. I want to go home. I don't want no trouble. Please move me as fast as you can.

Prison officials took no action to separate Winstead and his cellmate. Five weeks later, Winstead was assaulted. He then filed this counseled lawsuit, alleging that the defendants were deliberately indifferent to a substantial risk of serious harm based on their failure to protect him from his cellmate.

The district court granted the defendants' motion to dismiss the complaint for failure to state a claim under Rule 12(b)(6), Fed. R. Civ. P. The court concluded that Winstead failed to allege specific facts showing that the defendants had subjective knowledge of a serious risk of harm. Specifically, according to the court, Winstead's grievance did not identify any particular threat from the cellmate and did not "even indicate that he was in fear for his safety." Winstead now appeals.

## II.

We review *de novo* a district court's dismissal for failure to state a claim under Rule 12(b)(6), accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff. *Hunt v. Aimco Props., L.P.*, 814 F.3d 1213, 1221 (11th Cir. 2016). To survive a motion to dismiss, the complaint must include enough well-pleaded facts to state a claim to relief that is

plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). For a claim to be facially plausible, a plaintiff must go beyond merely pleading the "sheer possibility" of unlawful activity by a defendant, and instead must offer sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[M]ere conclusory statements[] do not suffice" to meet the plaintiff's burden. *Id.*

### III.

To make out a claim of deliberate indifference to a risk of serious harm based on a prison official's failure to protect an inmate, the inmate must show, among other things, that the prison official was subjectively aware of a substantial risk of serious harm. *Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1099 (11th Cir. 2014).

To have subjective knowledge, "the prison official must be aware of specific facts from which an inference could be drawn that a substantial risk of serious harm exists." *Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003); *see Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The plaintiff "must show more than a generalized awareness of risk." *Caldwell*, 748 F.3d at 1101–02 (quotation marks omitted).

Here, the district court correctly dismissed Winstead's complaint for failure to state a claim because the allegations do not plausibly show the defendants' subjective knowledge of a substantial risk of serious harm.  Winstead's grievance did not, as he asserts, "articulate[] a specific fear of harm from his roommate." Rather, the grievance said only that Winstead was having unspecified "problems" and "trouble" with his cellmate.  But it does not explain what those problems were. And those problems, according to the grievance, did not appear to be any different than the problems he had with other past cellmates, Doc. 6 at 13 ("I keep getting roommates that I have a lot of trouble with."), or with other people in the dorm, *id.* ("I have problems with a lot of people in the dorm period.").  Standing alone, the grievance's vague refences to "problems" and "trouble" with the cellmate, even when combined with a plea for urgent action, were not specific enough to make the defendants subjectively aware of a substantial risk of serious harm.  *See, e.g.*, *Carter*, 352 F.3d at 1349–50 (rejecting a deliberate-indifference claim where the plaintiff told a guard that his cellmate had said the plaintiff would help him fake a hanging "one way or another" because the statement "[did] not provide a sufficient basis to make the inferential leap that a substantial risk of serious harm to Plaintiff existed").

Nor does the complaint allege other facts known to the defendants from which they could have inferred with some specificity what the "problems" might

5

have been.  For instance, the complaint offers no information about the cellmate's background and disciplinary history, Winstead's prior interactions with the cellmate, or the dorm in which they were housed.  Leaving aside the vague nature of Winstead's grievance, the absence of facts along these lines distinguishes this case from the cases Winstead cites where we have found enough to establish a prison official's subjective knowledge.  *See, e.g.*, *Bowen v. Warden Baldwin State Prison*, 826 F.3d 1312, 1322–24 (11th Cir. 2016) (prison official knew of the "volatile and dangerous nature" of the inmate's mental condition and that he had committed a "High-Assault" against his previous cellmate); *Caldwell*, 748 F.3d at 1101 (prison officials knew that inmate "had a violent past, was very disruptive," and had started a fire that endangered the plaintiff one day before he assaulted and stabbed the plaintiff); *Rodriguez v. Sec'y for Dep't of Corr.*, 508 F.3d 611, 621–22 (11th Cir. 2007) (prison official knew that the plaintiff had renounced his gang membership, that the general population was heavily populated with members of the gang, and that the plaintiff had asked not to be transferred to the general population due to death threats from the gang).

Winstead's reliance on his sworn declaration, which he submitted in response to the defendants' motion to dismiss, is unavailing.  The district court properly disregarded the declaration because it was not attached to the complaint, and the scope of review for a Rule 12(b)(6) dismissal is ordinarily "limited to the

6

four corners of the complaint."[2]  *Speaker v. U.S. Dep't of Health & Human Servs.*, 623 F.3d 1371, 1379 (11th Cir. 2010) (quotation marks omitted).

In any case, even if we considered Winstead's sworn declaration to be part of the complaint, the declaration does not plausibly establish that the defendants were "aware of specific facts from which an inference could be drawn that a substantial risk of serious harm exists."  *Carter*, 352 F.3d at 1349.  In the declaration, Winstead broadly asserts that he made prison staff "very aware of [his] unsafe living situation" and "begged" them to move him to a safer living environment.  But he does not identify when he contacted prison staff or what he told them, apart from the April 27 grievance.  As a result, the declaration offers nothing more than "mere conclusory statements" that the defendants were subjectively aware of a substantial risk of serious harm, which "do[es] not suffice" to state a plausible claim for relief.  *See Iqbal*, 556 U.S. at 678.

Finally, in his reply brief, Winstead argues for the first time that the defendants had a duty to investigate his grievance, which would have made them

[2] Typically, "[i]f matters outside the pleadings are presented by the parties and considered by the district court, the Rule 12(b)(6) motion must be converted into a Rule 56 summary judgment motion."  *Speaker v. U.S. Dep't of Health & Human Servs.*, 623 F.3d 1371, 1379 (11th Cir. 2010).  An exception to this rule applies where an extrinsic document is "(1) central to the plaintiff's claim, and (2) its authenticity is not challenged."  *Id.* (quotation marks omitted).  If those requirements are met, the court can consider the extrinsic document when ruling on a motion to dismiss.  *Id.*  This exception does not apply to the declaration, but the district court concluded that the grievance, which also was submitted in response to the motion to dismiss, met these requirements because its authenticity was undisputed and it was central to Winstead's claim that the defendants had notice of a substantial risk of serious harm.  Winstead has abandoned any challenge to that decision by failing to address it on appeal, *see Sapuppo*, 739 F.3d at 680, and we see no error in the court's consideration of the grievance.

aware of the specific threat posed to him.  This argument fails for two reasons. First, it was raised for the first time in the reply brief, so it is not properly before us.  *See Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338, 1342 (11th Cir. 2005) ("As we repeatedly have admonished, [a]rguments raised for the first time in a reply brief are not properly before a reviewing court." (quotation marks omitted)). Second, the fact that prison officials may have failed to investigate does not show their knowledge of specific facts from which an inference of a substantial risk of serious harm could be drawn, and "merely negligent failure to protect an inmate from attack does not justify liability under section 1983."  *Carter*, 352 F.3d at 1350 (quotation marks omitted).

For the reasons stated, we affirm the dismissal of Winstead's complaint.

**AFFIRMED.**